IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FEDERAL DEPOSIT INSURANCE )
CORPORATION, )
 )
       Plaintiff, )
 )
       v. )   No. 10 C 5982
 )
DANIEL J. KRAUSE, GERALD F. )
DORAN, AND FRANK J. RUSSO, )
 )
       Defendants. )

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Plaintiff's motion for summary judgment. For the reasons stated below, the motion for summary judgment is granted.

## BACKGROUND

Plaintiff and Defendants Daniel J. Krause (Krause) and Gerald F. Doran (Doran) allegedly entered into a loan transaction on June 19, 2008. Under the loan transaction Plaintiff allegedly loaned the sum of $200,000 to Krause and Doran pursuant to a Commercial Promissory Note (Note 1052). Defendant Frank J. Russo (Russo) allegedly entered into a guaranty (Guaranty) and unconditionally and

1

absolutely agreed to act as the guarantor for Note 1052. The terms of Note 1052 allegedly provided that interest payments were due on a monthly basis, with the principal and accrued interest due on June 19, 2009 (1052 Maturity Date). By agreement of the parties, Note 1052 was allegedly amended to extend the 1052 Maturity Date to February 19, 2010 (1052 Extended Maturity Date).

Plaintiff, Krause, and Doran also allegedly entered into a loan transaction on November 10, 2008. Under the second loan transaction, Plaintiff allegedly loaned the sum of $143,000 to Krause, Doran, and Russo pursuant to a second Commercial Promissory Note (Note 1064). The terms of Note 1064 allegedly provided that interest payments were due on a monthly basis, with the principal and accrued interest due on November 10, 2009 (1064 Maturity Date). By agreement of the parties, Note 1064 was allegedly amended to extend the 1064 Maturity Date to February 19, 2010 (1064 Extended Maturity Date). Plaintiff contends that Defendants have failed to pay the amounts owed under Note 1052 and Note 1064. Plaintiff brought the instant action and includes in the amended complaint a breach of contract claim based upon an alleged breach of Note 1052 (Count I), a breach of contract claim based upon an alleged breach of Note 1064 (Count II), and a breach of contract claim based upon an alleged breach of the Guaranty (Count III). Plaintiff has moved for summary judgment on all claims.

**LEGAL STANDARD**

Summary judgment is appropriate when the record, viewed in the light most favorable to the non-moving party, reveals that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Smith v. Hope School*, 560 F.3d 694, 699 (7th Cir. 2009). A "genuine issue" in the context of a motion for summary judgment is not simply a "metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rather, a genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Insolia v. Philip Morris, Inc.*, 216 F.3d 596, 599 (7th Cir. 2000). In ruling on a motion for summary judgment, the court must consider the record as a whole, in a light most favorable to the non-moving party, and draw all reasonable inferences in favor of the non-moving party. *Anderson*, 477 U.S. at 255; *Bay v. Cassens Transport Co.*, 212 F.3d 969, 972 (7th Cir. 2000).

**DISCUSSION**

I. Undisputed Facts

The material facts in this case are not disputed by Defendants. Krause and

Russo have not filed any response to the instant motion. Doran has filed a response to the instant motion and to Plaintiff's statement of material facts, but does not contest the majority of the facts in this case. Pursuant to Local Rule 56.1 it is undisputed that Krause and Doran entered into Note 1052 with Plaintiff and that Russo guaranteed their obligations under Note 1052. (SF Par. 11-12). It is also undisputed that the 1052 Extended Maturity Date was February 19, 2010, (SF Par. 13), and that none of Defendants have paid the amounts owed under Note 1052. (SF Par. 16).

It is also undisputed that Krause, Doran, and Russo entered into Note 1064 with Plaintiff. (SF Par. 14). It is also undisputed that the 1064 Extended Maturity Date was February 19, 2010, (SF Par. 15), and that none of Defendants have paid the amounts owed under Note 1064. (SF Par. 16).

II. Interest, Attorneys' Fees and Costs

Doran argues that the interest amounts sought by Plaintiff are excessive. Doran also argues that the attorneys' fees and costs sought by Plaintiff are excessive. Plaintiff indicates in its reply brief that in order to resolve this case at the summary judgment stage, Plaintiff is willing to concede to Doran's position on both points. (Reply 3-4). Plaintiff agrees that the interest rate will be calculated at 5% per year.

Plaintiff also indicates that it will only seek $1 for attorneys' fees and costs. Thus, there are no genuinely disputed material facts in this case and Plaintiff has shown that it is entitled to prevail as a matter of law. Plaintiff has provided a declaration explaining the new calculations for damages based on the concessions made by Plaintiff. (Gonz. Decl.). Therefore, Plaintiff's motion for summary judgment is granted.

## CONCLUSION

Based on the foregoing analysis, Plaintiff's motion for summary judgment is granted. Judgment is awarded against Krause, Doran, and Russo jointly and severally for $373,844.59, including $1 in attorneys' fees and costs, plus $46.6662 per day of default interest (calculated at 5% per year) for each day after March 15, 2011 under Note 1052 and Note 1064.

 

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: July 8, 2011